IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Meleke Stewart, <br><br>       Plaintiff, <br>   v. <br><br> Charles Williams, Curtis Early, L. Morell, Jalia Anderson, Andrea Foster, <br><br>       Defendants. | Case No. 8:24-cv-5908-RMG <br><br><br> **ORDER AND OPINION** |

    Before the Court is the Report & Recommendation (R&R) of the Magistrate Judge recommending that Plaintiff's case be dismissed without issuance and service of process and without further leave to amend. (Dkt. No. 18). Plaintiff filed objections to the R&R. (Dkt. No. 28).[1] For the reasons set forth below, the Court adopts the R&R of the Magistrate Judge as the Order of the Court and summarily dismisses this action.

    **I.**    **Background**

    Plaintiff, a *pro se* prisoner serving time in the South Carolina Department of Corrections (SCDC), filed this action challenging prison disciplinary proceedings that were conducted at Lee Correctional Institute (Lee), which he alleges denied him due process of law, and the subsequent decision of SCDC officials to transfer him from the general prison population at Lee to what he described as "maximum lock up" at Perry Correctional Institute (Perry). (Dkt. No. 13 at 7).

---

[1] The Magistrate Judge issued his R&R on February 3, 2025 with a deadline for submitting written objections of February 18, 2025. (Dkt. No. 18). No timely objections were submitted and the Court issued an order adopting the R&R on February 25, 2025. (Dkt. No. 21). On March 13, 2025, Plaintiff moved for an extension of time to file objections, asserting he did not receive the R&R until February 20, 2025. (Dkt. No. 24). The Court vacated its earlier order adopting the R&R as the order of the Court and allowed Defendant to submit objections. (Dkt. No. 25). The Court addresses Plaintiff's objections in this Order, which were submitted on April 28, 2025. (Dkt. No. 28).

SCDC conducted disciplinary proceedings under prison administrative rules after Plaintiff was charged with disciplinary violations for possession of a communication device, creating and/or assisting with access to a social networking site, and gang affiliation. Plaintiff was found to have committed all three disciplinary violations and had sanctions enacted against him for each violation.[2]

After being found to be involved in multiple prison rule violations, Plaintiff was transferred to another facility, Perry, and placed in secure lock up. Plaintiff claims he is innocent of the disciplinary charges brought against him and claims SCDC officials violated prison rules that amounted to due process violations. Plaintiff further alleges that the conditions he experiences in the secure lock up at Perry amount to cruel and unusual punishment which have caused him emotional injury.

**II.	Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made,

---

[2] The Court takes judicial notice of publicly available inmate disciplinary records available on the SCDC "Inmate Lookup" website. Plaintiff was found to have violated three different disciplinary rules on February 14, 2024 after the completion of his administrative hearing and received the following sanctions: (1) Possession of a cell phone: loss of canteen privileges for 137 days, disciplinary detention for 47 days, loss of telephone privileges for 137 days, and loss of visitation privileges for 137 days; (2) Assisting with access to a social networking site: loss of canteen privileges for 137 days, disciplinary detention for 47 days, loss of telephone privileges for 137 days, and loss of visitation privileges for 137 days; and (3) Gang affiliation: loss of canteen privileges for 77 days, disciplinary detention for 32 days, loss of telephone privileges for 77 days, and loss of visitation privileges for 77 days. These same publicly available records indicate Plaintiff is serving a 30 year sentence for murder, a 20 year sentence for attempted armed robbery, and a five year sentence for a firearm violation.

and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III.  Discussion

The Magistrate Judge addressed each of Plaintiff's legal claims, finding that none set forth a plausible cause of action. Plaintiff has filed objections to the R&R. The Court addresses each issue below.

1. Prison disciplinary proceedings: Plaintiff alleges that his rights were violated because he was subjected to false disciplinary charges. The Magistrate Judge referenced settled legal authority that claiming prison staff member filed a false disciplinary charge does not state a claim of deprivation of a prisoner's constitutional rights. (Dkt. No. 18 at 8). Plaintiff disputes the finding of the Magistrate Judge. (Dkt. No. 28 at 2). The Court finds that the Magistrate Judge accurately set forth the proper legal standard and correctly concluded that Plaintiff's complaint about a prison staff member making an allegedly false charge against him does not state a constitutional claim.

2. Violation of Prison Policy: Plaintiff alleges that SCDC violated certain prison rules in the conducting of his disciplinary proceedings and that these violations deprived him of due process of law. The Magistrate Judge noted that under settled case law violations of prison policies and procedures generally do not constitute constitutional violations. The Magistrate Judge found that none of Plaintiff's alleged rule violations, if true, reached the level of a constitutional

violation. (Dkt. No. 18 at 8-9). Plaintiff disputes the conclusions reached by the Magistrate Judge regarding whether violations of prison policies amount to constitutional violations. (Dkt. No. 28 at 3-5). The Court overrules Plaintiff's objections and finds that the Magistrate Judge accurately set forth the controlling law on this issue.

      3.  <u>Prison Transfer/ Due Process/ Conditions of Confinement</u>: The Magistrate Judge found that prison transfers and changes in custodial classifications generally do not give rise to constitutional violations because assignments and classifications are generally within the discretion of prison officials. (Dkt. No. 18 at 9). The Magistrate Judge further addressed whether the particular conditions experienced by Plaintiff upon his transfer to Perry amounted to a deprivation of liberty interests and/or cruel and unusual punishment. The Magistrate Judge noted specific areas of concern raised by Plaintiff, which included being limited to showers three times per week, denial of the right of family visitation, bright cell lighting 19 hours a day, and denial of daily recreation time. The Magistrate Judge referenced numerous decisions in which courts concluded that these conditions of confinement "fail to demonstrate an atypical and significant hardship" or a violation of the Eighth Amendment prohibition against cruel and unusual punishment. (*Id*. at 10-14). Plaintiff argues that his transfer to Lee did in fact constitute constitutional violations. (Dkt. No. 28 at 5-14). The Court finds that the Magistrate Judge ably summarized the factual and legal issues involved with Plaintiff's claims and correctly concluded that Plaintiff's transfer from Lee to Perry and from general population to a more secure custody at Perry are the type of discretionary decisions that must be left to prison officials who have the responsibility of managing often disruptive and disobedient inmates. It is notable that Plaintiff's transfer from Lee to Perry followed shortly after disciplinary proceedings in which he was found to have committed discipline infractions involving the illegal use of cell phones, accessing the

internet, and affiliating with a gang. The federal court system cannot and should not become what would amount to the appellate court for prison disciplinary matters or the regulator of prison assignments or custody level determinations. In the absence of actions by prison officials that are of constitutional significance, matters of prison discipline and assignment should be left to the discretion of prison officials.

The Court **ADOPTS** the R&R of the Magistrate Judge (Dkt. No. 18) as the Order of the Court and **DISMISSES** Plaintiff's case without leave to amend and without service of process.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

April 30, 2025  
Charleston, South Carolina